ANDREW O. NORCOTT AND WILLIAM B. NORCOTT, APPELLANTS, *v.* THE FIRST BAPTIST CHURCH OF ROME, IMPLEADED WITH WILLIAM R. WILLIAMS, RESPONDENT.

*Mechanic's lien — bill of particulars — effect of failure to serve.*

If, in an action brought to foreclose a mechanic's lien, the plaintiffs fail to serve with the notice the bill of particulars required by section 10 of chapter 402 of 1854, the remedy of the defendant is to move, before answering, to set aside the proceedings, or stay them until such service be made.

Such defect is waived by the service of an answer, and cannot be taken advantage of upon the trial.

APPEAL from a judgment dismissing the proceedings herein entered upon the report of a referee.

The action was brought to foreclose a mechanic's lien filed under chapter 402 of the Laws of 1854.

*W. Kernan*, for the appellants.

*Johnson & Prescott*, for the respondent.

MULLIN, P. J.:

Appeal from judgment in an action to foreclose a mechanic's lien.

At some time prior to the 5th October, 1872, W. R. Williams entered into a contract with the Baptist Society of Rome to furnish the material, and erect and finish a church edifice for the use of said society, the roof of which was to be covered with slate,

On the last mentioned day the plaintiffs entered into a contract, in writing, with said Williams to furnish the slate to cover said roof, and lay the same, for which they were to receive $940.

At some time prior to the twenty-ninth of September, the plaintiffs filed a notice of lien on the said church in the office of the clerk of Oneida county, to the amount of $940 and interest from the 30th of January, 1873, when said contract was completed by them for the slate, and labor in laying the same under said contract of the 5th October, 1872. In this notice the church is called the First Baptist Church of Rome.

In May, 1872, the plaintiffs served on the Baptist Church of Rome a notice alleging the making of the contract with Williams; that they had performed the contract on their part entered into with Williams, a copy of which was annexed to the notice, and that the sum of $940 was due them, and that they had filed a notice of lien required by the statute within twenty days of the completion of said contract, and requiring said church to appear in the Supreme Court at the end of twenty days from the service of the notice, and submit to an accounting and settlement in said court of the amount due or claimed to be due to them, for the labor done and materials furnished under the contract with Williams.

The petition, or claim, as it is called in the affidavit annexed to the same, then proceeds as follows: The bill of particulars and claim is for the labor and materials named in said contract annexed, and said contract is referred to for said bill of particulars.

It then asked judgment that said lien may be enforced under the statute relating to mechanics' liens, or that said house be sold to pay the same and costs, or that the officers of the church be ordered to pay said amount out of any moneys of the church in their hands not paid over to said Williams.

At the foot of the said papers is an affidavit, of which the following is a copy:

Andrew O. Norcott, one of the above named claimants, being duly sworn, says that he has heard the foregoing petition or claim read and knows the contents thereof, and the same is true of his own knowledge except as to those matters therein stated on information and belief, and as to those matters he believes it to be true.

The church put in an answer denying performance of the con-

tract by Williams to erect and finish the church, but alleging that he had left the same unfinished; that the work was defectively done, and denying that there was any thing due him.  Other defenses were set up that are not material to be considered here.

The case was referred, and on the trial the objection was taken, among others, that the plaintiffs had not served a bill of particulars at the same time with the notice, and that by reason of such omission the proceedings were so defective that plaintiffs were not entitled to judgment nor to give evidence of their claim.

The referee so held and ordered judgment for the defendants, dismissing the proceedings, with costs.

Section 6 of chapter 402 of the Laws of 1854 provides that the person having a lien for labor or materials may bring an action in the Supreme Court, when the amount exceeds fifty dollars, to enforce said lien, which action shall be commenced by serving a notice containing a statement of the facts constituting the claim and the amount thereof, on the owner of the property or his agent, requiring said owner to appear in person or by attorney within thirty days after such service and answer the same, or he will take judgment, etc.

By the next section it is provided that within thirty days after service of said notice and bill of particulars, the defendant shall personally serve the claimant or his attorney with a copy of his answer, duly verified, to the effect that the same is in all respects true or his default may be entered.

Section 10 provides that at the time of serving said notice a bill of particulars of the amount claimed to be due from such owner, verified by the oath of the claimant or his attorney, to the effect that the same is true, shall be served on the owner.

It will be seen that by section 6 the action is commenced by the service of the notice provided for in that section, nothing being said about a bill of particulars.  Section 10 requires the service of the bill of particulars, with the notice, and by section 7 the time for answering is reckoned from the date of the service of the notice and bill of particulars.

The question before us is whether, conceding that no bill of particulars was served with the notice, the referee was right in refusing to hear the plaintiffs' evidence and dismissing the proceedings.

The defendant, by serving an answer to the notice or complaint, waived the error committed in not serving the bill of particulars.

The service of the notice is the commencement of the action, and the service of the bill, is not essential to its commencement.

The notice sets forth the nature of the claim, and the bill only gives the details or particulars of it.

Section 10 compels the plaintiff to do what the defendant, after the commencement of the action, might compel him to do.

I am unable to perceive why the service of a bill required by section 10, should be held to be any more important than the service of a bill in any other form of action.

The omission to serve the bill with the notice could only be taken advantage of by motion, before answer, to set aside the proceedings or stay them until such service was made.

Such a motion not being made, the defect was waived by answering. The question could not be raised on the trial.

The judgment must be reversed and new trial granted before another referee.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.